# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> URIEL MONTES, ) <br> ) <br> Defendant. ) | CR. No. 95-1176 (AHM) <br><br> ORDER |

This matter is before the Court pursuant to Fed. R. Crim. P. 32.1(b) to determine whether there is probable cause to find that defendant Uriel Montes violated his supervised release terms. After reviewing the matter, the Court finds sufficient evidence to find probable cause.

On August 24, 2010, a preliminary hearing was held in this matter, after which the Court requested additional briefing by the parties. On August 27, 2010, plaintiff and defendant filed their briefs (Plaintiff's Memorandum of Points and

1

Authorities in Support of Petition on Supervised Release, and Defendant's Memorandum of Points and Authorities in Support of Defendant's Oral Motion to Dismiss the Petition).

The issue before the Court is whether a warrant issued on March 28, 2005 (approximately seven months after the defendant's supervised release term would otherwise have expired on August 11, 2004) was valid. To determine whether the warrant was valid, this Court needs to determine whether the defendant's supervised release period was tolled for at least seven months. In order to do this, this Court needs to inquire whether probable cause exists to believe that the defendant was in state custody for approximately seven months during the five year term of supervised release, which began on August 12, 1999 and was scheduled to expire on August 11, 2004.

According to 18 U.S.C. § 3624(e), a defendant's term of supervised release is tolled during any period in which the person is imprisoned in connection for a Federal, State or local crime, unless the period of imprisonment is for a period of less than thirty consecutive days. Defendant asserts that his supervised release term was not tolled since the record is unclear as to whether he was in state custody for at least seven months during his supervised release term. However, defendant plead nolo contendere in the Superior Court of California to a violation of section 11377(A) on April 23, 2002, and was sentenced to two years in state prison. Therefore, this Court finds probable cause to believe that the defendant was in custody for at least seven months, which therefore tolled his supervised release term until the issuance of the March 28, 2005 warrant.

Moreover, a defendant's term of supervised release may be tolled during the time the defendant is in fugitive status. See United States v. Juarez, 601 F.3d 885, 889-90 (9th Cir. 2010) "Fugitive tolling begins when the defendant absconds from supervision - making it impossible for the Probation Office to supervise his actions - and ends when federal authorities are capable of resuming supervision." Id.

According to the Probation Officer's testimony, despite having been deported, the defendant did not report to the Probation Office within seventy-two hours upon reentering the United States as required under the terms of his supervised release. Therefore, this Court also finds probable cause to believe that the defendant was in fugitive status at some point during his five year supervised release term, which either on its own or in conjunction with being in state custody, tolled his supervised release term until the issuance of the March 28, 2005 warrant. Defendant also asserts that this Court no longer has jurisdiction under 18 U.S.C. § 3583(i), noting that he was not arrested on the March 28, 2005 warrant until July 27, 2010. To support his argument, defendant relies on United States v. Hill, 719 F.2d 1402, 1404-1405 (9th Cir. 1983), for the proposition that warrants must be executed within a reasonable time after issuance. Defendant asserts that he was readily available from the time the warrant was issued on March 28, 2005 until his arrest on July 27, 2010, and that the Probation Office made no efforts to find him during this time period. However, not only is the record undeveloped as to whether the defendant was readily available during this time period, it appears that defendant's reliance on Hill is misplaced. The holding in Hill does not apply in a revocation of supervised release situation. See United States v. Santana, 526 F.3d 1257, 1261 (9th Cir. 2008).

///
///
///
///
///
///
///
///
///

# ORDER

For the foregoing reasons, pursuant to Fed. R. Crim. P. 32.1(b), this Court finds probable cause that the defendant violated the terms of his supervised release, and therefore, denies Defendant's Motion to Dismiss.

DATED: September 2, 2010

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE